UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICHARD J. JOHNSON, #153249,**

      **Plaintiff,**

v.

      Civil No: 06-CV-10994
      Honorable Paul D. Borman
      Magistrate Judge Mona K. Majzoub

**OFFICER NELSON, NURSE BAILEY,
PRISONER BAILEY & MICHIGAN
DEPARTMENT OF CORRECTIONS,**

      **Defendants.**

_____

## OPINION & ORDER SUMMARILY DISMISSING PLAINTIFF'S CIVIL RIGHTS COMPLAINT

**I.    Introduction**

Plaintiff, Richard J. Johnson, presently confined at Standish Maximum Correctional Facility in Standish, Michigan, has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff asserts that the Defendant corrections officer directed a group of inmates, one of whom is named as a defendant in this matter, to attack and stab the Plaintiff. After the alleged stabbing occurred, Plaintiff claims that his injuries were not properly treated by the Defendant nurse. As a result of these alleged violations, Plaintiff maintains that he has been subjected to cruel and unusual punishment and gross negligence. Accordingly, Plaintiff has now filed this civil rights complaint and requests to be compensated in the sum of $800,000.00. The Court finds that Plaintiff's Complaint is summarily dismissed without prejudice for failure to exhaust administrative remedies.

**II.    Discussion**

    **A.  Failure to Exhaust Administrative Remedies**

A preliminary question in prisoner civil rights cases challenging the conditions of

confinement is whether the prisoner exhausted administrative remedies before filing the complaint. 42 U.S.C. §1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory, and it applies to all inmate suits about prison life, whether under §1983 or some other federal law.  *Porter v. Nussle,* 534 U.S. 516, 524, 532 (2002), and regardless of the relief sought and offered through administrative procedures, *Booth v. Churner,* 532 U.S. 731, 741 & 741 n.6 (2001).  Exhaustion of administrative remedies is mandatory "even if proceeding through the administrative system would be 'futile.'"  *Jones Bey v. Johnson,* 407 F.3d 801, 805 (6th Cir. 2005).

In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.2000).  In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir.2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir.2003).

The Michigan Department of Corrections (MDOC) has a three-step administrative remedy procedure.  *See, MDOC Policy Directive 03.02.130 (Dec. 19, 2003).*  These procedures:

> require the prisoner to first file a grievance with the internal grievance coordinator at the prison in which he is incarcerated.  If the grievance is denied at this level, the prisoner can appeal it to the prison's warden.  If denied a second time, the prisoner can exercise a final appeal to the office of the Michigan Department of Corrections' director.  *See*, *MDOC Policy Directive 03.02.130.*  Once the prisoner has undertaken all three of these steps, his grievance is considered fully exhausted.

*Jones Bey,* 407 F.3d at 803 n.

2

In this case, Plaintiff has not attached any documentation to support that he has exhausted his administrative remedies, nor has the Plaintiff described with any specificity the administrative proceedings he exhausted, nor the outcome. Since Plaintiff has failed to meet his burden of showing that he has fully exhausted the required administrative remedies as to the claims contained in his Complaint, pursuant to MDOC Policy Directive 03.02.130, this matter is dismissed without prejudice.

### III.  Conclusion

Plaintiff has failed to exhaust the required grievance process mandated by the Michigan Department of Corrections, and therefore cannot administratively proceed in this Court.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Docket No: 1-1, filed March 8, 2006]** is summarily **DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that the Plaintiff's Application to Proceed without Payment of Fees **[Docket No: 1-2, filed March 8, 2006]** is **DENIED** as moot.

IT IS FURTHER ORDERED that the Plaintiff's Application for Appointment of Counsel **[Docket No: 1-3, filed March 8, 2006]** is **DENIED** as moot.

SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 25, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 25, 2006.

S/Jonie Parker
Case Manager